**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Randal Rose, | ) | No. CIV-04-2184-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Randal Rose seeks judicial review of the Administrative Law Judge's ("ALJ") decision denying his claim for disability insurance benefits. 42 U.S.C. § 405(g).

**I.   Procedural History**

On July 2002, Randal Rose ("Plaintiff") applied for Supplemental Security Income under Title XVI of the Social Security Act, alleging he had been disabled since June 1, 1996 (Tr. 73). An administrative hearing regarding Plaintiff's application was held and it was denied; upon which Plaintiff amended his onset date to April 23, 2002, the day after the previous application for benefits. (Tr. 40, 121).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 45-48, 51-54). A hearing was held at Plaintiff's request on February 19, 2004 and on May 25, 2004. (Tr. 211-21; 222-33). On July 23, 2004, the ALJ issued his decision determining Plaintiff was not disabled within the meaning of the Act. (Tr. 13-22). On September 3, 2004, the

Appeals Council denied Plaintiff's request for review. Plaintiff now brings this action before this Court for review.

## II.     Background Facts

### A.     Plaintiff's Medical History

In 1998, Plaintiff underwent surgery for cervical fusion at C2-3 and C4-5. (Tr. 145). However, subsequent to the surgery Plaintiff continued to experience issues and on August 28, 2002, Donald D. Hales, M.D. ("Dr. Hales"), performed a posterior cervical laminectomy from C2 through C6. (Tr. 139). Plaintiff incurred an infection from his surgery and on September 5, 2002, Plaintiff underwent irrigation and debridgement of his surgical wound. (Tr. 135-38).

On January 31, 2003, Plaintiff's primary care physician, Muhammed S. Islam ("Dr. Islam") authored a letter stating that Plaintiff has a "degenerative cervical spine stenosis for which he has had 2 surgeries. He still suffers from significant pain and has gait dysfunction and dizziness. In my medical opinion he is not able to work." (Tr. 201). On February 20, 2003, a state agency physician, in completing a "Physical Residual Functional Capacity Assessment" found that Plaintiff was capable of light work and was showing signs of "steady improvement following surgery." (Tr. 167-173). On January 29, 2004, Dr. Islam authored another brief letter stating, "Mr. Rose is unable to work due to advanced degenerative disease of the cervical spine and myelopathy." (Tr. 191). On March 24, 2004, Plaintiff was examined by Gregory J. Hunter, M.D. ("Dr. Hunter"). (Tr. 203-10). Dr. Hunter opined that Plaintiff could occasionally lift/carry up to ten pounds; frequently lift/carry less than ten pounds; sit without limitation; and push and pull with limitation. (Tr. 207-08). Dr. Hunter also found that Plaintiff had limited capacity in the right upper and both lower extremities and limited right upper extremity fingering and feeling. (Tr. 209).

### B.     Hearing Testimony & The ALJ's Decision

At Plaintiff's hearing, the ALJ accepted Dr. Hunter's findings in determining his residual functional capacity. (Tr. 19). The ALJ then presented these findings to the vocational expert, Ms. Sandra Richter ("Ms. Richter") in the form of a hypothetical. (Tr.

1  226-27). The vocational expert opined that Plaintiff would not be able to perform his past
2  relevant work but that a person with Plaintiff's limitations could perform 140,000 cashier
3  jobs and 15,000 information clerk jobs in the United States and 2,800 such cashier jobs and
4  363 information clerk jobs exist in Arizona. (Tr. 20). After the hearing, the ALJ concluded
5  that the Plaintiff was not under a "disability" as defined by the Social Security Act. (Tr. 22).
6  In rendering this opinion, the ALJ rejected the opinion of Dr. Islam that Plaintiff was
7  disabled. (Tr. 19).

## II.  **Standard of Review**

This Court must affirm the ALJ's findings if they are supported by substantial evidence and free from reversible legal error. Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir. 1990).

In determining whether substantial evidence supports a decision, the Court considers the record as a whole. Richardson, 402 U.S. at 401; Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. Young v. Sullivan, 911 F.2d 180, 184 (9th Cir. 1990). Where evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the [Commissioner]." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Therefore, if on the whole record before the Court, substantial evidence supports the Commissioner's decisions, this Court must affirm. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989); 42 U.S.C. § 405(g).

An ALJ determines an applicant's eligibility for disability benefits through the following five stages:

(1)  determine whether the applicant is engaged in "substantial gainful activity;"

(2)  determine whether the applicant has a "medically severe impairment or combination of impairments;"

(3)      determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4)      if the applicant's impairment does not equal one of the "listed impairments," determine whether the applicant is capable of performing his or her past relevant work;

(5)      if the applicant is not capable of performing his or her past relevant work, determine whether the applicant "is able to perform other work in the national economy in view of his [or her] age, education, and work experience."

Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987) (citing 20 C.F.R. §§ 404.1520(b)-(f)). See 20 C.F.R. § 416.920. At the fifth stage, the burden of proof shifts to the Commissioner. Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

## III. <u>Discussion</u>

Plaintiff moves for summary judgment based upon two alleged errors by the ALJ in rendering his decision: (1) that the ALJ gave incorrect weight to the assessment of a treating physician, specifically, Dr. Islam; and (2) the ALJ failed to consider a closed period of benefits based upon the evidence. Defendant cross moves for summary judgment on the basis that the ALJ's decision was sound.

### A. **Weight Afforded To A Treating Physician's Opinion**.

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). In a Social Security Disability Benefits case, when a treating physician's medical opinion is uncontroverted, the ALJ must make specific findings and state clear and convincing reasons for rejecting it. Bergfeld v. Barnhart, 361 F. Supp.2d 1102, 1111 (D. Ariz. 2005) (citing Regenniter v. Commissioner of Soc. Sec. Admin. 166 F.3d 1294, 1298-99 (9th Cir. 1999). When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). Greater weight

- 4 -

must be given to the opinion of treating physicians, and in the case of a conflict "the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician." Id; Bergfeld 361 F. Supp.2d at 1111. The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. Thomas, 278 F.3d at 957 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)).  Thus, the question before the Court is whether the ALJ properly considered and disregarded Plaintiff's treating physician's, Dr. Islam's, opinion that Plaintiff was disabled.  The Court finds that the ALJ did properly discount Dr. Islam's opinion and provided clear and convincing reasons for doing so.[1]

The ALJ's decision demonstrates that he rejected Dr. Islam's findings on several bases. First, the ALJ determined that Dr. Islam's findings were "quite conclusory, providing very little explanation of the evidence relied on in forming his opinions." (Tr. 19).  As noted by the Defendant, a treating physician's opinion that is conclusory and not based upon substantive medical evidence may be rejected. Batson v. Commissioner of Social Security, 359 F.3d 1190, 1195 (9th Cir. 2004).  Here, Dr. Islam's opinions are clearly conclusory.  His letter authored on January 31, 2003 is a total of three sentences and provides no background regarding his opinion. (Tr.201).  Additionally, his letter authored on January 29, 2004 is nearly identical. (Tr. 191).  Even if these opinions were based upon substantive medical evidence, there is no way for the ALJ to make that determination. See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (stating that ALJ need not accept a treating physician's opinion that is brief, conclusory and unsubstantiated by objective medical evidence.). Moreover, the ALJ concluded that "[f]ollowing surgery in August 2002, the doctor's course

---

[1] Plaintiff contends that because Dr. Hunter's findings were not made until March 24, 2004, that Dr. Islam's findings are uncontroverted up to this date and should be accepted. However, as noted above, even if a treating physician's medical opinion is uncontroverted, an administrative law judge may reject it by making specific findings and state clear and convincing reasons for doing so. Bergfeld, 361 F. Supp.2d at 1111.  Additionally, it is relevant to note that the state physician, while not having Dr. Islam's opinion before him, concluded Plaintiff was capable of light work on February 20, 2003. (Tr.167-73).

- 5 -

1  of treatment pursued by the doctor is not consistent with what one would expect if the
2  claimant were truly disabled as the doctor has reported." (Tr. 19). See Rollins v. Massanari,
3  261 F.3d 853, 856 (9th Cir. 2001) (holding that ALJ did not error in rejecting treating
4  physician's determination of "disability" where the treating physician's records failed to
5  present the sort of treatment and recommendations one would expect to accompany a finding
6  that the claimant was disabled). In fact, here, the ALJ noted that there is no evidence that
7  Plaintiff's symptoms of gait function and dizziness continued for any 12-month period
8  beyond January 2003 (Tr. 19) and in reviewing Dr. Islam' notes there are no indications of
9  "disability" before or after Plaintiff's second surgery in August 2002. (Tr. 153-155, 157-62,
10 192-200). Thus, this Court cannot say that the ALJ's determination was legal error. The
11 reasons set forth by the ALJ were proper and demonstrate that the ALJ gave proper
12 consideration to the opinion of Dr. Islam; however, it was permissibly rejected on acceptable
13 grounds.

14 Additionally, this discussion above does not take into account Dr. Hunter's
15 examination of Plaintiff on March 24, 2004 in which he concluded that Plaintiff was not
16 disabled upon completing the "Medical Source Statement." (Tr. 207-210). Obviously, this
17 opinion, while not controlling, provides probative value to the ALJ's determination and
18 controverts the conclusory opinion of Dr. Islam from the examination date forward.

19 As such, the ALJ's determination to discount Dr. Islam's opinions was proper and
20 will be affirmed by this Court. See Batson, 359 F.3d at 1193 (holding that Social Security
21 Commissioner's findings in the course of denying disability benefits are upheld if supported
22 by inferences reasonably drawn from the record).

23     **B. ALJ's Determination Of No Closed Period.**

24 Plaintiff argues that at a bare minimum the ALJ erred by not finding a closed period
25 of benefits. Specifically, Plaintiff argues "the ALJ should have found the claimant disabled
26 due to the opinion of Dr. Islam and then, upon accepting Dr. Hunter's assessment over that
27 of Dr. Islam, closed the disability period. (Plaintiff's Motion for summary judgment, p. 9).
28 However, Plaintiff's argument is misplaced because, as noted above, the ALJ is not obligated

to find "disability" even if the claimant's treating physician has opined as much. See Bergfeld, 361 F. Supp.2d at 1111. Rather, based upon his evaluation of Dr. Islam's findings in light of the record presented before him he deemed Dr. Islam's opinion unpersuasive. As noted above, this determination was supported by the requisite clear and convincing evidence. Thus, the mere fact that there was no formal contradictory opinion until March 24, 2004, in this case does not automatically mandate a closed period of benefits. The ALJ's determination not to find any such period was reasonable.

**Accordingly**,

**IT IS HEREBY ORDERED** Plaintiff's Motion for summary judgment is denied. (Dkt. #4).

**IT IS FURTHER ORDERED** that Defendant's Motion for summary judgment is granted. (Dkt. #13).

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment accordingly.

DATED this 17th day of March, 2006.

_____
Mary H. Murguia
United States District Judge